RECEIVED
MAR
LAW DEPT.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RICHARD FAYE,
*Plaintiff*

vs.

C.A. No.:

VERIZON NEW ENGLAND INC., and
UNUMPROVIDENT CORPORATION, aka
UNUMPROVIDENT INSURANCE
***Defendants***

# VERIFIED COMPLAINT

## PARTIES

1. Plaintiff, Richard Faye (hereinafter referred to as "Faye"), is a resident of Branford, Connecticut and was a resident of Rhode Island during the time with which this matter arose.

2. Defendant, Verizon New England Inc. (hereinafter referred to as "Verizon"), is a foreign business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 1 Fountain Square, Chattanooga, Tennessee, and authorized to do business in the State of Rhode Island.

3. UNUMProvident Corporation, (hereinafter referred to as "UNUMProvident"), is a foreign business corporation, organized and existing under the laws of the State of Delaware, with a principal place of business located at 1095 Avenue of the Americas, New York, New York, and authorized to do business in the State of Rhode Island.

## FACTUAL BACKGROUND

4. On September 5, 1995, Faye started employment with Verizon as a customer service representative and after three years he was promoted to field operations manager.

5. Faye had planned to remain with Verizon until his retirement.

1

6. On October 26, 2002, Faye sustained a cervical sprain/strain injury at work.

7. Faye applied and was approved for short-term disability benefits, which were approved by Aetna, the disability insurance carrier for Verizon, from October 29, 2002 through February 9, 2003.

8. During a routine physical from Faye's primary care doctor, the presence of Hepatitis C, in his liver was revealed.

9. Hepatitas C is a contagious viral disease that usually leads to serious, permanent liver damage, and in many cases, death.

10. In November of 2002, Faye began a one year program of chemotherapy treatment, by means of injections.

11. The chemotherapy treatment had severe side effects on Faye, including serious depression (accompanied with suicidal ideation), weakness, extreme fatigue, severe eye and skin irritation, vertigo, muscle atrophy, aching bones and muscle, interrupted sleep, lack of concentration, forgetfulness, and diarrhea.

12. Faye requested that his disability benefits continue past the February 9, 2003 deadline, so that he could complete his one year chemotherapy treatment for his Hepatitas C.

13. On April 14, 2003, Faye received a letter from UNUMProvident stating that they were now the benefits administrator of Verizon's disability plan, replacing Aetna, and that they would be conducting a review of Faye's disability claim.

14. Faye's disability claim was denied by UNUMProvident.

15. On May 16, 2003, Faye's final appeal regarding the denial of his disability benefits was also denied by UNUMProvident.

16. On May 21, 2003, Faye received a letter via certified mail from Tim Pritchard, Director of Operations for Verizon, stating that a separation of employment would go into effect on May 27, 2003

17. On May 27, 2003, when Faye could not return to work, due to his ongoing chemotherapy treatment, Verizon terminated Faye.

18. Verizon's and UNUMProvident's actions subjected Faye to discriminatory

terms and conditions of employment, including denial of disability benefits and reasonable accommodation, without justification, on the basis of his physical disability (Hepatitis C) and his chemotherapy treatment.

19. Verizon's and UNUMProvident's actions are in violation of applicable state laws.

## JURISDICTION

20. Faye has complied with administrative requirements by receiving a Notice of Right to Sue dated November 12, 2004.

21. The monetary amount claimed for damages is sufficient to establish jurisdiction with this Honorable Court.

## COUNT I
## (RHODE ISLAND CIVIL RIGHTS ACT)

22. Paragraphs 1 through 21 are herby incorporated by reference as if fully set forth herein.

23. Upon information and belief, Verizon and UNUMProvident are subject to the requirements contained within the Rhode Island Civil Rights Act. R.I.G.L. 42-112-1, *et. seq.*

24. The actions of Verizon and Unum, as aforesaid have denied Faye the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of Rhode Island Civil Rights Act, R.I.G.L 42-112-1, *et. seq.*

25. That Faye is entitled to punitive damages and reasonable attorney's fees as per the statute.

## COUNT II
## (RHODE ISLAND FAIR EMPLOYMENT ACT)

26. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

27. Upon information and belief, Verizon and UNUMProvident are subject to the requirements contained within the Rhode Island Fair Employment Act,

R.I.G.L. 28-5-7, *et. seq.*

28. The actions of Verizon and UNUMProvident, as aforesaid have denied Faye the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of Rhode Island Fair Employment Act. R.I.G.L. 28-5-7, *et. seq.*

29. That Faye is entitled to punitive damages and reasonable attorney's fees as per the statute.

COUNT III
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

30. Paragraphs 1 through 29 are hereby incorporated by reference as if fully set forth herein.

31. Because of the wrongful acts of Verizon and UNUMProvident as described previously, which are incorporated by reference, Faye suffered humiliation. mental anguish and emotional and physical distress.

32. Such actions and statements were made with knowledge that Faye would become emotionally and physically distressed and with the intent to harass. disturb and annoy Faye.

33. As a proximate result of said actions and statements Faye suffered humiliation, mental anguish and emotional and physical distress.

34. Said statements and described acts were performed willfully, wantonly, maliciously and aggressively, and therefore, punitive damages are justified.

COUNT IV
(BREACH OF CONTRACT)

35. Paragraphs 1 through 34 are hereby incorporated by reference as if fully set forth herein.

36. Faye agreed to be employed by Verizon, and insured by UNUMProvident and as part of his benefits package was the exchange for the right to be protected by disability benefits.

37. Faye, at all times, did abide by the rules for applying for disability with Verizon and UNUMProvident.

38. Though Faye performed as agreed upon, as an employee of Verizon and an insured of UNUMProvident, Defendants breached its duties by not allowing Faye to be covered by disability benefits.

COUNT V
(VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

39. Paragraphs 1 through 38 are hereby incorporated by reference as if fully set forth herein.

40. During the aforementioned date, Faye was employed by Verizon.

41. During the aforementioned date Tim Pritchard, Director of Operations, was employed by Verizon.

42. Tim Pritchard, Director of Operations, was acting within his scope of employment with Verizon, and therefore Verizon is responsible for the actions of Tim Pritchard, Director of Operations, on the principle of vicarious liability and respondent superior.

43. The actions of Tim Pritchard, Director of Operations, were malicious and therefore punitive damages are warranted.

REQUESTED RELIEF

WHEREFORE, Faye respectfully prays that this Honorable Court:

a. Declare that the Defendants unlawfully discriminated against Faye on the basis of his disability in violation of R.I.G.L. 28-5-7, *et. seq.* and R.I.G.L. 42-112-1, *et. seq.*,

b. Rule for Faye and against Verizon and UNUMProvident as to all other counts set forth in this complaint;

c. Award Faye compensatory damages as allowed by law;

d. Award Faye punitive damages as allowed by law;

e. Award Faye reasonable attorneys' fees as allowed by law;

f. Award Faye costs of suit as allowed by law and statute; and

g. Award such other and further relief as this Honorable Court deems necessary and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

**Plaintiff,**
**RICHARD FAYE,**

By His Attorney,

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900

VERIFICATION

I, Richard Faye, under pains and penalties of perjury declare and verify that the facts set forth in the foregoing verified complaint are true and accurate based upon my own observations, understandings, and personal beliefs.

RICHARD FAYE

STATE OF CONNECTICUT
COUNTY OF New Haven

Subscribed and sworn to me this 1
day of February 2005

NOTARY PUBLIC
My Commission Expires: My Commission Exp. Mar. 31, 2009

# State of Rhode Island and Providence Plantations

........................................SC

## PROOF OF SERVICE

I hereby certify that on the .................... day of .................................... I served a copy of this summons and a copy of the complaint received therewith upon ......................................................................................................................................... in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house, ............................................................ (address) .................................................. with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his usual place of abode, ........................................................................................ with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..........................................................................

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................

..........................................................................................................

..........................................................................................................

Sheriff's Fees

Travel $ ..................

Service $ ..................

$ ..................

Deputy Sheriff

CIVIL ACTION

FILE NO. ......................

SUMMONS

SUPERIOR COURT

VS.

ATTORNEY FOR PLAINTIFF

Note: Returnable to Plaintiff's Attorney