UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FAYE,
Plaintiff

v.

VERIZON NEW ENGLAND, INC.,
et al.,
Defendants

[redacted] 05 127L

C.A. No.

## NOTICE OF REMOVAL

Defendants UNUM Provident Corporation ("UNUM") and Verizon New England, Inc. ("Verizon") file this Notice of Removal pursuant to 28 U.S.C. § 1446.

1. Plaintiff Richard Faye, on or about March 4, 2005, commenced this action in the Providence County Superior Court.

2. Plaintiff served process on UNUM's agent for service of process, CT Corporation System, on March 4, 2005.

3. Plaintiff served Verizon on March 4, 2005.

4. Plaintiff alleges, in part, that UNUM wrongfully terminated disability benefits paid under a Verizon employee welfare benefit plan (the "Plan"), as that term is defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq. Plaintiff contends that the benefit termination subjected him to discriminatory treatment in violation of the Rhode Island Civil Rights Act and the Rhode Island Fair Employment Act. Plaintiff also asserts claims for intentional infliction of emotional distress and breach of contract based on the alleged wrongful termination of disability benefits.

5. The Plan is subject to and regulated by ERISA.

6. On information and belief plaintiff, at all relevant times, was a participant in the Plan.

7. ERISA preempts all state law claims relating to the termination of disability benefits in plaintiff's complaint and provides the exclusive remedies for claims for benefits from employee welfare benefit plans. ERISA, §§502(a)(1)(B), 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; see Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of §502(a)(1) is removable to federal court under 28 U.S.C. §1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the complaint's face. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

8. Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b)

9. Plaintiff further alleges that Verizon wrongfully terminated his employment as a field operations manager. Plaintiff contends that he was subjected to discriminatory treatment in violation of the Rhode Island Civil Rights Act and the Rhode Island Fair Employment Act. Plaintiff also asserts claims for intentional infliction of emotional distress, breach of contract and vicarious liability/respondeat superior arising out of his alleged wrongful termination from Verizon.

10. Plaintiff alleges in his complaint that he was a resident of the State of Rhode Island during the time in which this matter arose and has since become a resident of Connecticut.

11. Defendant UNUM is incorporated in Delaware and maintains its principal place of business in Chattanooga, Tennessee.

12. Defendant Verizon is neither incorporated nor maintains its principal place of business in Rhode Island or Connecticut.

13. Plaintiff seeks punitive damages and attorney's fees against the defendants.

14. Plaintiff's total claimed damages as to each defendant, exclusive of interests and costs, on information and belief, exceed $75,000. A true copy of Plaintiff's complaint is attached hereto as Exhibit A.

15. This matter is also subject to this Court's original jurisdiction because plaintiffs' claims, on information and belief, exceed the $75,000.00 jurisdictional limit set forth in 28 U.S.C. § 1332, and the parties are of diverse citizenship.

16. All named defendants consent to this removal.

17. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b).

18. Written notice of the filing of this Notice of Removal will be given to the plaintiff as required by law.

19. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Providence County, Rhode Island, Superior Court.

WHEREFORE, defendants UNUM and Verizon pray that this action stand removed from the Providence County Superior Court of Rhode Island to this Court.

Brooks R. Magratten, Esq. #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant UNUMProvident Corporation
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Mark A. Pogue, Esq. #3441
Edwards & Angell, LLP
Attorneys for Defendant Verizon, New England, Inc.
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611

Date: March 24, 2005

CERTIFICATE OF SERVICE

To:

Bruce P. Gladstein, Esq
750 East Avenue
Pawtucket, RI 02860

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the 25th day of March, 2005.