UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD FAYE, Plaintiff | ) | |
| v. | ) | C.A. No. 05-127L |
| VERIZON NEW ENGLAND, INC., et al., Defendants | ) | |

## NOTICE OF FILING STATE COURT RECORD

Pursuant to General Order # 2003-01 and local rule 36(b), defendant UNUM Provident Corporation files herewith a copy of its Notice of Removal, state court docket sheet and certified copies of state court filings.

Catherine A. Syner

Brooks R. Magratten, Esq. #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant UNUMProvident Corporation
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Date: March 30th, 2005

3

CERTIFICATE OF SERVICE

To:

Bruce P. Gladstein, Esq
750 East Avenue
Pawtucket, RI 02860

Mark A. Pogue, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Notice of Filing State Court Record by mailing first class mail, postage prepaid, on the 30th day of March, 2005.

Melaine Gosetto

FILED

MAR 25 2005

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD FAYE, Plaintiff | ) | [redacted] 05 127L |
| v. | ) | C.A. No. |
| VERIZON NEW ENGLAND, INC., et al., Defendants | ) | |

**NOTICE OF REMOVAL**

Defendants UNUM Provident Corporation ("UNUM") and Verizon New England, Inc. ("Verizon") file this Notice of Removal pursuant to 28 U.S.C. § 1446.

1. Plaintiff Richard Faye, on or about March 4, 2005, commenced this action in the Providence County Superior Court.

2. Plaintiff served process on UNUM's agent for service of process, CT Corporation System, on March 4, 2005.

3. Plaintiff served Verizon on March 4, 2005.

4. Plaintiff alleges, in part, that UNUM wrongfully terminated disability benefits paid under a Verizon employee welfare benefit plan (the "Plan"), as that term is defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq. Plaintiff contends that the benefit termination subjected him to discriminatory treatment in violation of the Rhode Island Civil Rights Act and the Rhode Island Fair Employment Act. Plaintiff also asserts claims for intentional infliction of emotional distress and breach of contract based on the alleged wrongful termination of disability benefits.

5. The Plan is subject to and regulated by ERISA.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

[redacted] 05 127 L

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED MAR 25 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

## I. (a) PLAINTIFFS

RICHARD FAYE

(b) County of Residence of First Listed Plaintiff: NEW HAVEN
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
BRUCE GLADSTEIN, 750 EAST AVENUE, PAWTUCKET, RI 02806
(401) 722-9900

## DEFENDANTS

VERIZON NEW ENGLAND, INC.
UNUM PROVIDENT CORPORATION

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
MARK POGUE for VERIZON NEW ENGLAND, INC.
BROOKS MAGRATTEN for UNUM PROVIDENT CORP.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1001 et. seq.

Brief description of cause:
Wrongful termination of disability benefits; wrongful termination of employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 03/25/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

STATE OF RHODE ISLAND
PROVIDENCE, Sc.

SUPERIOR COURT

| | | |
|---|---|---|
| RICHARD FAYE, Plaintiff | ) | |
| v. | ) | P.C. No. 05-0596 |
| VERIZON NEW ENGLAND, INC., et al., Defendants | ) | |

**NOTICE OF FILING NOTICE OF REMOVAL**

**Please note that defendants UNUM Provident Corporation and Verizon New England, Inc. did, on the 25th day of March, 2005, file in the United States District Court for the District of Rhode Island the attached Notice of Removal.**

Brooks R. Magratten, Esq. #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant UNUMProvident Corporation
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Mark A. Pogue #3441
Edwards & Angell, LLP
Attorneys for Defendant Verizon, New England, Inc.
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611

Date: March 24, 2005

CERTIFICATE OF SERVICE

To:

Bruce P. Gladstein, Esq
750 East Avenue
Pawtucket, RI 02860

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the 25th day of March, 2005.

______________________________

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RICHARD FAYE

(b) County of Residence of First Listed Plaintiff NEW HAVEN
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

BRUCE GLADSTEIN, 750 EAST AVENUE, PAWTUCKET, RI 02806
(401) 722-9900

## DEFENDANTS

VERIZON NEW ENGLAND, INC.
UNUM PROVIDENT CORPORATION

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

MARK POGUE for VERIZON NEW ENGLAND, INC.
BROOKS MAGRATTEN for UNUM PROVIDENT CORP.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1001 et. seq.

Brief description of cause:
Wrongful termination of disability benefits; wrongful termination of employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
03/25/2005

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD FAYE, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| VERIZON NEW ENGLAND, INC., | ) | |
| et al., | ) | |
| Defendants | ) | |

**NOTICE OF REMOVAL**

Defendants UNUM Provident Corporation ("UNUM") and Verizon New England, Inc. ("Verizon") file this Notice of Removal pursuant to 28 U.S.C. § 1446.

1. Plaintiff Richard Faye, on or about March 4, 2005, commenced this action in the Providence County Superior Court.

2. Plaintiff served process on UNUM's agent for service of process, CT Corporation System, on March 4, 2005.

3. Plaintiff served Verizon on March 4, 2005.

4. Plaintiff alleges, in part, that UNUM wrongfully terminated disability benefits paid under a Verizon employee welfare benefit plan (the "Plan"), as that term is defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq. Plaintiff contends that the benefit termination subjected him to discriminatory treatment in violation of the Rhode Island Civil Rights Act and the Rhode Island Fair Employment Act. Plaintiff also asserts claims for intentional infliction of emotional distress and breach of contract based on the alleged wrongful termination of disability benefits.

5. The Plan is subject to and regulated by ERISA.

6. On information and belief plaintiff, at all relevant times, was a participant in the Plan.

7. ERISA preempts all state law claims relating to the termination of disability benefits in plaintiff's complaint and provides the exclusive remedies for claims for benefits from employee welfare benefit plans. ERISA, §§502(a)(1)(B), 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; see Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of §502(a)(1) is removable to federal court under 28 U.S.C. §1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the complaint's face. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

8. Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(a) and (b)

9. Plaintiff further alleges that Verizon wrongfully terminated his employment as a field operations manager. Plaintiff contends that he was subjected to discriminatory treatment in violation of the Rhode Island Civil Rights Act and the Rhode Island Fair Employment Act. Plaintiff also asserts claims for intentional infliction of emotional distress, breach of contract and vicarious liability/respondeat superior arising out of his alleged wrongful termination from Verizon.

10. Plaintiff alleges in his complaint that he was a resident of the State of Rhode Island during the time in which this matter arose and has since become a resident of Connecticut.

11. Defendant UNUM is incorporated in Delaware and maintains its principal place of business in Chattanooga, Tennessee.

12. Defendant Verizon is neither incorporated nor maintains its principal place of business in Rhode Island or Connecticut.

13. Plaintiff seeks punitive damages and attorney's fees against the defendants.

14. Plaintiff's total claimed damages as to each defendant, exclusive of interests and costs, on information and belief, exceed $75,000. A true copy of Plaintiff's complaint is attached hereto as Exhibit A.

15. This matter is also subject to this Court's original jurisdiction because plaintiffs' claims, on information and belief, exceed the $75,000.00 jurisdictional limit set forth in 28 U.S.C. § 1332, and the parties are of diverse citizenship.

16. All named defendants consent to this removal.

17. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b).

18. Written notice of the filing of this Notice of Removal will be given to the plaintiff as required by law.

19. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Providence County, Rhode Island, Superior Court.

WHEREFORE, defendants UNUM and Verizon pray that this action stand removed from the Providence County Superior Court of Rhode Island to this Court.

Brooks R. Magratten, Esq. #3585
Catherine A. Syner, Esq. #6883
VETTER & WHITE
Attorneys for Defendant UNUMProvident Corporation
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Mark A. Pogue, Esq. #3441
Edwards & Angell, LLP
Attorneys for Defendant Verizon, New England, Inc.
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611

Date: March 24, 2005

CERTIFICATE OF SERVICE

To:

Bruce P. Gladstein, Esq
750 East Avenue
Pawtucket, RI 02860

I hereby certify that I caused to be served on the above-named counsel of record a copy of the within Notice of Removal by mailing first class mail, postage prepaid, on the 25th day of March, 2005.

RECEIVED
MAR
LAW DEPT

A

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

RICHARD FAYE,
*Plaintiff*

vs.

C.A. No.:

VERIZON NEW ENGLAND INC., and
UNUMPROVIDENT CORPORATION, aka
UNUMPROVIDENT INSURANCE
*Defendants*

**VERIFIED COMPLAINT**

**PARTIES**

1. Plaintiff, Richard Faye (hereinafter referred to as "Faye"), is a resident of Branford, Connecticut and was a resident of Rhode Island during the time with which this matter arose.

2. Defendant, Verizon New England Inc. (hereinafter referred to as "Verizon"), is a foreign business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 1 Fountain Square, Chattanooga, Tennessee, and authorized to do business in the State of Rhode Island.

3. UNUMProvident Corporation, (hereinafter referred to as "UNUMProvident"), is a foreign business corporation, organized and existing under the laws of the State of Delaware, with a principal place of business located at 1095 Avenue of the Americas, New York, New York, and authorized to do business in the State of Rhode Island.

FACTUAL BACKGROUND

4. On September 5, 1995, Faye started employment with Verizon as a customer service representative and after three years he was promoted to field operations manager.

5. Faye had planned to remain with Verizon until his retirement

6. On October 26, 2002, Faye sustained a cervical sprain/strain injury at work.

7. Faye applied and was approved for short-term disability benefits, which were approved by Aetna, the disability insurance carrier for Verizon, from October 29, 2002 through February 9, 2003.

8. During a routine physical from Faye's primary care doctor, the presence of Hepatitis C, in his liver was revealed.

9. Hepatitas C is a contagious viral disease that usually leads to serious, permanent liver damage, and in many cases, death.

10. In November of 2002, Faye began a one year program of chemotherapy treatment, by means of injections.

11. The chemotherapy treatment had severe side effects on Faye, including serious depression (accompanied with suicidal ideation), weakness, extreme fatigue, severe eye and skin irritation, vertigo, muscle atrophy, aching bones and muscle, interrupted sleep, lack of concentration, forgetfulness, and diarrhea.

12. Faye requested that his disability benefits continue past the February 9, 2003 deadline, so that he could complete his one year chemotherapy treatment for his Hepatitas C.

13. On April 14, 2003, Faye received a letter from UNUMProvident stating that they were now the benefits administrator of Verizon's disability plan, replacing Aetna, and that they would be conducting a review of Faye's disability claim.

14. Faye's disability claim was denied by UNUMProvident.

15. On May 16, 2003, Faye's final appeal regarding the denial of his disability benefits was also denied by UNUMProvident.

16. On May 21, 2003, Faye received a letter via certified mail from Tim Pritchard, Director of Operations for Verizon, stating that a separation of employment would go into effect on May 27, 2003

17. On May 27, 2003, when Faye could not return to work, due to his ongoing chemotherapy treatment, Verizon terminated Faye.

18. Verizon's and UNUMProvident's actions subjected Faye to discriminatory

terms and conditions of employment, including denial of disability benefits and reasonable accommodation, without justification, on the basis of his physical disability (Hepatitis C) and his chemotherapy treatment.

19. Verizon's and UNUMProvident's actions are in violation of applicable state laws.

## JURISDICTION

20. Faye has complied with administrative requirements by receiving a Notice of Right to Sue dated November 12, 2004.

21. The monetary amount claimed for damages is sufficient to establish jurisdiction with this Honorable Court.

## COUNT I
## (RHODE ISLAND CIVIL RIGHTS ACT)

22. Paragraphs 1 through 21 are herby incorporated by reference as if fully set forth herein.

23. Upon information and belief, Verizon and UNUMProvident are subject to the requirements contained within the Rhode Island Civil Rights Act. R.I.G.L. 42-112-1, *et. seq.*

24. The actions of Verizon and Unum, as aforesaid have denied Faye the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of Rhode Island Civil Rights Act, R.I.G.L 42-112-1, *et. seq.*

25. That Faye is entitled to punitive damages and reasonable attorney's fees as per the statute.

## COUNT II
## (RHODE ISLAND FAIR EMPLOYMENT ACT)

26. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

27. Upon information and belief, Verizon and UNUMProvident are subject to the requirements contained within the Rhode Island Fair Employment Act,

R.I.G.L. 28-5-7, *et. seq.*

28. The actions of Verizon and UNUMProvident, as aforesaid have denied Faye the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of Rhode Island Fair Employment Act. R.I.G.L. 28-5-7, *et. seq.*

29. That Faye is entitled to punitive damages and reasonable attorney's fees as per the statute.

COUNT III
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

30. Paragraphs 1 through 29 are hereby incorporated by reference as if fully set forth herein.

31. Because of the wrongful acts of Verizon and UNUMProvident as described previously, which are incorporated by reference, Faye suffered humiliation, mental anguish and emotional and physical distress.

32. Such actions and statements were made with knowledge that Faye would become emotionally and physically distressed and with the intent to harass, disturb and annoy Faye.

33. As a proximate result of said actions and statements Faye suffered humiliation, mental anguish and emotional and physical distress.

34. Said statements and described acts were performed willfully, wantonly, maliciously and aggressively, and therefore, punitive damages are justified.

COUNT IV
(BREACH OF CONTRACT)

35. Paragraphs 1 through 34 are hereby incorporated by reference as if fully set forth herein

36. Faye agreed to be employed by Verizon, and insured by UNUMProvident and as part of his benefits package was the exchange for the right to be protected by disability benefits.

37. Faye, at all times, did abide by the rules for applying for disability with Verizon and UNUMProvident.

38. Though Faye performed as agreed upon, as an employee of Verizon and an insured of UNUMProvident, Defendants breached its duties by not allowing Faye to be covered by disability benefits.

COUNT V
(VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

39. Paragraphs 1 through 38 are hereby incorporated by reference as if fully set forth herein.

40. During the aforementioned date, Faye was employed by Verizon.

41. During the aforementioned date Tim Pritchard, Director of Operations, was employed by Verizon.

42. Tim Pritchard, Director of Operations, was acting within his scope of employment with Verizon, and therefore Verizon is responsible for the actions of Tim Pritchard, Director of Operations, on the principle of vicarious liability and respondent superior.

43. The actions of Tim Pritchard, Director of Operations, were malicious and therefore punitive damages are warranted.

REQUESTED RELIEF

WHEREFORE, Faye respectfully prays that this Honorable Court:

a. Declare that the Defendants unlawfully discriminated against Faye on the basis of his disability in violation of R.I.G.L. 28-5-7, *et. seq.* and R.I.G.L. 42-112-1, *et seq.*,

b. Rule for Faye and against Verizon and UNUMProvident as to all other counts set forth in this complaint;

c. Award Faye compensatory damages as allowed by law.

d. Award Faye punitive damages as allowed by law;

e. Award Faye reasonable attorneys' fees as allowed by law;

f. Award Faye costs of suit as allowed by law and statute; and

g. Award such other and further relief as this Honorable Court deems necessary and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

**Plaintiff,**
**RICHARD FAYE,**

**By His Attorney,**

**BRUCE P. GLADSTEIN, ESQ. (#5272)**
750 EAST AVENUE
PAWTUCKET RI 02860
(401) 722-9000

VERIFICATION

I, Richard Faye, under pains and penalties of perjury declare and verify that the facts set forth in the foregoing verified complaint are true and accurate based upon my own observations, understandings, and personal beliefs.

RICHARD FAYE

STATE OF CONNECTICUT
COUNTY OF New Haven

Subscribed and sworn to me this 1
day of February 2005

NOTARY PUBLIC
My Commission Expires: My Commission Exp. Mar. 31, 2009

# State of Rhode Island and Providence Plantations

............................................,SC

## PROOF OF SERVICE

I hereby certify that on the .............. day of .............................. I served a copy of the summons and a copy of the complaint received therewith upon ..............................

..............................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him personally.

By leaving a copy of the summons and complaint at his dwelling house, ..............................

.............................................................................. with a person of suitable age and discretion then residing therein. (address)

By leaving a copy of the summons and complaint at his usual place of abode, ..............................

.............................................................................. with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..............................

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..............................................................................................................

..............................................................................................................

..............................................................................................................

Sheriff's Fees

Travel $ ..............

Service $ ..............

$ ..............

Deputy Sheriff

CIVIL ACTION

FILE NO. ..............................

SUMMONS

SUPERIOR COURT

VS

ATTORNEY FOR PLAINTIFF

Note: Returnable to Plaintiff's Attorney ... service. Proof of service to be filed within time ... the person served must respond

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 03/29/2
SUPERIOR COURT CIVIL INFORMATION SYSTEM

DOCKET EVENT LISTING

CASE NO.: PC2005 0596 TYPE CIVIL RIGHTS/JOB DISCRIMINATION
TITLE: RICHARD FAYE V VERIZON NEW ENGLAND INC
FILING DATE: 02-04-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| FAYE,RICHARD | PLF | Gladstein,Bruce P. | AOR |
| UNUMPROVIDENT CORP | BDF | Unknown,Attorney | AOR |
| VERIZON NEW ENGLAND INC | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

SXH 03-10-2005
PROOF OF SERVICE FILED
SERVED UPON VERIZON N E
RQ 03-10-2005
PROOF OF SERVICE FILED
SERVED UPON UNUMPROVIDENT
PW 03-25-2005
NOTICE OF REMOVAL
PW 03-29-2005
CASE REMOVED TO U.S. DISTRICT CT

rue Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[X] PROVIDENCE /BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE NO. 05-0596

RICHARD FAYE
Plaintiff

vs.

VERIZON NEW ENGLAND INC., and UNUMPROVIDENT CORPORATION, aka UNUM PROVIDENT INSURANCE
Defendant

*Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon BRUCE P GLADSTEIN Plaintiff's attorney, whose address is 750 East Avenue Pawtucket RI 02860

an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: 3/1/05

(Seal of the Superior Court)

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR 10 A 9:0

S-135 (REV. 4/99)

C.I. - 153

# State of Rhode Island and Providence Plantations

...Providence...................,SC

## PROOF OF SERVICE

I hereby certify that on the 4th day of March 2005 I served a copy of this summons and a copy of the complaint received therewith upon Verizon New England Inc in the following manner:

~~By delivering a copy of the summons and complaint to him personally.~~

~~By leaving a copy of the summons and complaint at his dwelling house, ............................................................, with a person of suitable age and discretion then residing therein.~~ (address)

~~By leaving a copy of the summons and complaint at his usual place of abode, ............................................................, with a person of suitable age and discretion then residing therein.~~

✓✓✓ By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely C.T. Corp

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

Sandi Colio

Sheriff's Fees

Travel . . . . . . $ ..........

Service. . . . . . $ 35.00

$ 35.00

[signature] #607

~~Deputy Sheriff~~

CIVIL ACTION

FILE NO. 05-0596

SUMMONS

SUPERIOR COURT

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

RICHARD FATE

VS

VERIZON NEW ENGLAND INC.

Please serve through Agent of Service CT Corp. System
10 Weybossett St.
Providence RI 02903

ATTORNEY FOR PLAINTIFF

Bruce P. Gladstein Esq.
750 East Avenue
Pawtucket RI 02860

Note: Returnable to Plaintiff's Attorney forwith after service. Proof of service to be filed within time during which the person served must respond.

(2)

# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[x] PROVIDENCE /BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE NO. 05-0596

RICHARD FAYE
Plaintiff

vs

VERIZON NEW ENGLAND INC., and UNUMPROVIDENT CORPORATION, aka UNUMPROVIDENT INSURANCE
Defendant

*Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon Bruce P. Gladstein Plaintiff's attorney, whose address is 750 East Avenue, Pawtucket RI 02860 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Hy S. Kinch, Jr.
CLERK

Dated: 3/1/05

(Seal of the Superior Court)

True Copy Attest
Hy S. Kinch, Jr.
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR 10 A 9: 0u

S-135 (REV. 4/99)

C.I. - 153

# State of Rhode Island and Providence Plantations

Providence, SC

## PROOF OF SERVICE

I hereby certify that on the 4th day of March, 2005 I served a copy of this summons and a copy of the complaint received therewith upon Unum Provident Corporation AKA Unum Provident Insurance in the following manner:

~~By delivering a copy of the summons and complaint to him personally.~~

~~By leaving a copy of the summons and complaint at his dwelling house, ........ (address), with a person of suitable age and discretion then residing therein.~~

~~By leaving a copy of the summons and complaint at his usual place of abode, ........, with a person of suitable age and discretion then residing therein.~~

✓ By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely C.T. Corp

Such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

Sandi Celio

Sheriff's Fees

Travel . . . . . . $ —

Service. . . . . . $ 35.00

$ 35.00

Kent J. [signature] #602

Deputy Sheriff

CIVIL ACTION

FILE NO. 05-0596

SUMMONS

SUPERIOR COURT

RICHARD FAYE

VS

UNUM PROVIDENT CORPORATION
UNUM PROVIDENT INSURANCE
Please serve through Agent
of Service CT Corp. Systems
10 Weybossett St.
Providence RI 02903

ATTORNEY FOR PLAINTIFF

Bruce P. Gladstein Esq.
750 East Avenue
Pawtucket RI 02860

Note: Returnable to Plaintiff's Attorney forwith after service. Proof of service to be filed within time during which the person served must respond.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

③

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RICHARD FAYE,
*Plaintiff*

vs.

VERIZON NEW ENGLAND INC., and
UNUMPROVIDENT CORPORATION, aka
UNUMPROVIDENT INSURANCE
*Defendants*

C.A. No.: PC05-0596

## VERIFIED COMPLAINT

### PARTIES

1. Plaintiff, Richard Faye (hereinafter referred to as "Faye"), is a resident of Branford, Connecticut and was a resident of Rhode Island during the time with which this matter arose.

2. Defendant, Verizon New England Inc. (hereinafter referred to as "Verizon"), is a foreign business corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 1 Fountain Square, Chattanooga, Tennessee, and authorized to do business in the State of Rhode Island.

3. UNUMProvident Corporation, (hereinafter referred to as "UNUMProvident"), is a foreign business corporation, organized and existing under the laws of the State of Delaware, with a principal place of business located at 1095 Avenue of the Americas, New York, New York, and authorized to do business in the State of Rhode Island.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Rhode Island

### FACTUAL BACKGROUND

4. On September 5, 1995, Faye started employment with Verizon as a customer service representative and after three years he was promoted to field operations manager.

5. Faye had planned to remain with Verizon until his retirement.

FILED
LYNCH JR., CLERK
FEB -4 P 1:10

CRJ
YJ
5272

6. On October 26, 2002, Faye sustained a cervical sprain/strain injury at work.

7. Faye applied and was approved for short-term disability benefits, which were approved by Aetna, the disability insurance carrier for Verizon, from October 29, 2002 through February 9, 2003.

8. During a routine physical from Faye's primary care doctor, the presence of Hepatitis C, in his liver was revealed.

9. Hepatitas C is a contagious viral disease that usually leads to serious, permanent liver damage, and in many cases, death.

10. In November of 2002, Faye began a one year program of chemotherapy treatment, by means of injections.

11. The chemotherapy treatment had severe side effects on Faye, including serious depression (accompanied with suicidal ideation), weakness, extreme fatigue, severe eye and skin irritation, vertigo, muscle atrophy, aching bones and muscle, interrupted sleep, lack of concentration, forgetfulness, and diarrhea.

12. Faye requested that his disability benefits continue past the February 9, 2003 deadline, so that he could complete his one year chemotherapy treatment for his Hepatitas C.

13. On April 14, 2003, Faye received a letter from UNUMProvident stating that they were now the benefits administrator of Verizon's disability plan, replacing Aetna, and that they would be conducting a review of Faye's disability claim.

14. Faye's disability claim was denied by UNUMProvident.

15. On May 16, 2003, Faye's final appeal regarding the denial of his disability benefits was also denied by UNUMProvident.

16. On May 21, 2003, Faye received a letter via certified mail from Tim Pritchard, Director of Operations for Verizon, stating that a separation of employment would go into effect on May 27, 2003.

17. On May 27, 2003, when Faye could not return to work, due to his ongoing chemotherapy treatment, Verizon terminated Faye.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

18. Verizon's and UNUMProvident's actions subjected Faye to discriminatory

terms and conditions of employment, including denial of disability benefits and reasonable accommodation, without justification, on the basis of his physical disability (Hepatitis C) and his chemotherapy treatment.

19. Verizon's and UNUMProvident's actions are in violation of applicable state laws.

## JURISDICTION

20. Faye has complied with administrative requirements by receiving a Notice of Right to Sue dated November 12, 2004.

21. The monetary amount claimed for damages is sufficient to establish jurisdiction with this Honorable Court.

## COUNT I
## (RHODE ISLAND CIVIL RIGHTS ACT)

22. Paragraphs 1 through 21 are herby incorporated by reference as if fully set forth herein.

23. Upon information and belief, Verizon and UNUMProvident are subject to the requirements contained within the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

24. The actions of Verizon and Unum, as aforesaid have denied Faye the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of Rhode Island Civil Rights Act, R.I.G.L 42-112-1, *et. seq.*

25. That Faye is entitled to punitive damages and reasonable attorney's fees as per the statute.

## COUNT II
## (RHODE ISLAND FAIR EMPLOYMENT ACT)

26. Paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

27. Upon information and belief, Verizon and UNUMProvident are subject to the requirements contained within the Rhode Island Fair Employment Act,

True Copy Attest,
Office of Clerk of Superior Court
Counties of Providence & Bristol

R.I.G.L. 28-5-7, *et. seq.*

28. The actions of Verizon and UNUMProvident, as aforesaid have denied Faye the same rights to make and enforce contracts on the basis of his disability within the meaning of and in violation of Rhode Island Fair Employment Act, R.I.G.L. 28-5-7, *et. seq.*

29. That Faye is entitled to punitive damages and reasonable attorney's fees as per the statute.

COUNT III
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

30. Paragraphs 1 through 29 are hereby incorporated by reference as if fully set forth herein.

31. Because of the wrongful acts of Verizon and UNUMProvident as described previously, which are incorporated by reference, Faye suffered humiliation, mental anguish and emotional and physical distress.

32. Such actions and statements were made with knowledge that Faye would become emotionally and physically distressed and with the intent to harass, disturb and annoy Faye.

33. As a proximate result of said actions and statements Faye suffered humiliation, mental anguish and emotional and physical distress.

34. Said statements and described acts were performed willfully, wantonly, maliciously and aggressively, and therefore, punitive damages are justified.

COUNT IV
(BREACH OF CONTRACT)

35. Paragraphs 1 through 34 are hereby incorporated by reference as if fully set forth herein.

36. Faye agreed to be employed by Verizon, and insured by UNUMProvident and as part of his benefits package was the exchange for the right to be protected by disability benefits.

37. Faye, at all times, did abide by the rules for applying for disability with Verizon and UNUMProvident.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

38. Though Faye performed as agreed upon, as an employee of Verizon and an insured of UNUMProvident, Defendants breached its duties by not allowing Faye to be covered by disability benefits.

COUNT V
(VICARIOUS LIABILITY/RESPONDENT SUPERIOR)

39. Paragraphs 1 through 38 are hereby incorporated by reference as if fully set forth herein.

40. During the aforementioned date, Faye was employed by Verizon.

41. During the aforementioned date Tim Pritchard, Director of Operations, was employed by Verizon.

42. Tim Pritchard, Director of Operations, was acting within his scope of employment with Verizon, and therefore Verizon is responsible for the actions of Tim Pritchard, Director of Operations, on the principle of vicarious liability and respondent superior.

43. The actions of Tim Pritchard, Director of Operations, were malicious and therefore punitive damages are warranted.

REQUESTED RELIEF

WHEREFORE, Faye respectfully prays that this Honorable Court:

a. Declare that the Defendants unlawfully discriminated against Faye on the basis of his disability in violation of R.I.G.L. 28-5-7, *et. seq.* and R.I.G.L. 42-112-1, *et. seq.*;

b. Rule for Faye and against Verizon and UNUMProvident as to all other counts set forth in this complaint;

c. Award Faye compensatory damages as allowed by law;

:rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

d. Award Faye punitive damages as allowed by law;

e. Award Faye reasonable attorneys' fees as allowed by law;

f. Award Faye costs of suit as allowed by law and statute; and

g. Award such other and further relief as this Honorable Court deems necessary and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Plaintiff,
RICHARD FAYE,

By His Attorney,

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
401) 722-9900

VERIFICATION

I, Richard Faye, under pains and penalties of perjury declare and verify that the facts set forth in the foregoing verified complaint are true and accurate based upon my own observations, understandings, and personal beliefs.

RICHARD FAYE

STATE OF CONNECTICUT
COUNTY OF New Haven

Subscribed and sworn to me this 1 day of February, 2005.

NOTARY PUBLIC
My Commission Expires: My Commission Exp. Mar. 31, 2009

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

# CIVIL CASE COVER SHEET

Case # (Filled in by Clerk's Office) PC 05-0596

This form must be filed with each original document that commences a civil proceeding in the Clerk's Office (R P 3 10) If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| RICHARD FAYE | VERIZON NEW ENGLAND INC., and UNUMPROVIDENT CORPORATION, aka UNUMPROVIDENTINSURANCE |

**NATURE OF PROCEEDING** — Check the applicable case type under the main categories listed below. **(Check One Only)**

District Court Appeal ☐ yes (Check type below)

## CIVIL ACTIONS

☐ AGA Agency appeal
☐ ALA Alienation of affection
☐ ANT Anti-trust
☐ ASB Assault and battery
☐ BKA Book account
☐ CLA Common law assignment
☐ CLL Common law lien
☐ CON Contract
☐ CNV Conversion
☐ CRC Criminal conversation
☐ CIC Criminal inj compensation
☐ DOJ Debt on judgment
☐ DTP Deceptive trade practice
☐ DEJ Declaratory judgment
☐ DPC Denial of probate claim
☐ EXT Excessive tax
☐ INR Injunctive relief
☐ IPL Interpleader
☐ LIB Libel/slander
☐ MLE Malpractice legal
☐ MME Malpractice, medical
☐ MOT Malpractice, other
☐ WOM Mandamus, writ of
☐ PRT Partition
☐ PER Personal injury
☐ IDV Personal inj property dam-vehicle
☐ PIV Personal injury-vehicle
☐ PRL Product liability
☐ PRN Promissory note
☐ PDM Property damage
☐ PDV Property damage-vehicle
☐ RLP Real property
☐ RIC Reinstate charter
☐ DIN Recovery of damages insurance
☐ ROF Recovery of funds
☐ WOR Replevin, writ of
☐ SPP Specific performance
☐ TCO Title clearing (other than tax title)
☐ TAE Trespass and ejectment
☐ TRA Trustee accounting
☐ TCT Trustee/appt convey title
☐ UNM Uninsured motorist
☐ WRD Wrongful death

XX **Other than above (specify type):** DISCRIMINATION

## MISCELLANEOUS PETITIONS

☐ ARA Arbitration award
☐ CAR Arbitration confirm
☐ RTA Arbitration referral
☐ VAR Arbitration vacate
☐ AOD Assessment of damages
☐ CND Condemnation
☐ CFC Confirm compromise
☐ DOC Dissolution of corp.
☐ EDP End partnership
☐ FRR Forclosure of right of redemption
☐ TLF Foreclosure tax lien
☐ FOC Forfeiture of charter
☐ GJI Grand Jury Investigation
☐ HAC Habeas corpus
☐ MAW Material witness
☐ MEL Mechanics lien
☐ OSW Out of state witness
☐ PFS Perform surgery
☐ PFC Petition for constable
☐ PTE Petition to expunge
☐ PFI Petition for immunity
☐ PIN Pet for inventory (wire tap)
☐ PFR Petition for review
☐ PTD Pet to take deposition
☐ PCR Post conviction relief
☐ REC Receivership
☐ R5A Rule 5A petition
☐ TCL Title clearing (tax title)
☐ AOT Trustee appointment of
☐ DOT Trustee declination of
☐ AOS Trustee successor

☐ **Other than above (specify type):**

## PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ **Other than above (specify type):**

**Is this a case that may require a trial for resolution?** ☐ yes ☐ no If yes, jury or ☐ non-jury

(attorney name) BRUCE P GLADSTEIN

☐ pro se

(date) 2/1/05

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

2005 FEB -1 P 4:10

S-223 6.85